**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                        :
TERRANCE T. THOMAS,                     :
                                        :   Civil Action No. 07-3017 (MLC)
             Plaintiff,                 :
                                        :
       v.                               :       O P I N I O N
                                        :
MIDDLESEX COUNTY SHERIFF'S              :
DEPARTMENT, et al.,                     :
                                        :
             Defendants.                :
                                        :
```

**APPEARANCES:**

Terrance T. Thomas, plaintiff pro se
Bayside State Prison, Farm Minimum Unit
P.O. Box F-2, Leesburg, NJ 08327

**COOPER**, District Judge

Plaintiff, Terrance T. Thomas, a prisoner confined at Bayside State Prison in Leesburg, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

## BACKGROUND

The following factual allegations are taken from the Complaint and accepted as true for purposes of this review. On July 12, 2005, certain officers of the Middlesex County Sheriff's Department arrested Plaintiff on twelve warrants. Plaintiff

alleges that he was not the individual named in the warrants and that he provided the Sheriff's officers with identifying information establishing that he was not the individual named in the warrants. Eventually, it was determined that Plaintiff was not the person named in the warrants and he was released.

Plaintiff asserts claims for false arrest and imprisonment, and for violation of his rights to substantive and procedural due process and to equal protection of the laws. He names as defendants the Middlesex County Sheriff's Department and several named and "John Doe" officers. Plaintiff seeks compensatory and punitive damages and all other just and proper relief.

## STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The Court must construe a pro se complaint liberally in the plaintiff's favor. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and

all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (cites omitted). See also Morse, 132 F.3d at 906 (court need not credit pro se plaintiff's "bald assertions" or "legal conclusions").

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with

3

prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a respondeat superior theory. See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil

rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (cites omitted).  Accord Robinson v. City of Pittsb., 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  A plaintiff must show that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury.  Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law."  [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
> 
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable statement of

5

> policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

A § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Ky. v. Graham, 473 U.S. 159, 166 (1985) (internal quotes and cites omitted).

The claims here against the Middlesex County Sheriff's Department appear to be based solely upon a theory of respondeat superior liability and will be dismissed without prejudice.

## ANALYSIS

### I. False Arrest/False Imprisonment

Plaintiff alleges that he was arrested pursuant to twelve warrants despite the fact that he provided the arresting officers

6

with sufficient information to establish that he was not the person named in the warrants.

The Fourth Amendment provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."  A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).  To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  United States v. Place, 462 U.S. 696, 703 (1983).

An arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Phila., 872 F.2d 546 (3d Cir. 1989); see also Albright v. Oliver, 510 U.S. 266, 274 (1994) (section 1983 claim for false arrest may be based upon individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege that (1) there was an arrest, and (2) the arrest was made without probable cause. Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975); see Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

When "the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atl. County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999) (citing Groman). "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

Plaintiff's allegations here are sufficient to permit the false arrest and false imprisonment claims to proceed as against Defendant officers John Doe No. 1, Sgt. Loffa, and Sgt. Montal.

## II. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)); Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996). Despite its sweeping language, though, "[t]he Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, but it need not be the sole motivating factor. Village of Arlington Heights, 429 U.S. at 265-66.

Once this intentional disparity in treatment is shown, a court will proceed to determine whether the disparity can be justified under the requisite level of scrutiny. See City of Cleburne, 473 U.S. at 439-40; Plyler v. Doe, 457 U.S. 202, 216-17 (1982); Price v. Cohen, 715 F.2d 87, 91-92 (3d Cir. 1983). In testing the validity of state legislation or other official action that is alleged to deny equal protection, the "general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, 473 U.S. at 439-40. The general rule gives way, however, when a statute classifies by race, alienage, or national origin; these classifications "are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." Id. at 440.

Plaintiff here has alleged no facts suggesting that he was treated differently than other people similarly situated. He has failed to alleged differential treatment based upon race, alienage, or national original. He has failed to state a claim for violation of his rights under the Equal Protection Clause.

## CONCLUSION

For the reasons set forth above, the false arrest and false imprisonment claims will be allowed to proceed as against defendant officers "John Doe No. 1," Sgt. S. Loffa, and Sgt. S.

Montal. All other claims will be dismissed without prejudice for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to address the deficiencies identified herein, the Court will grant Plaintiff leave to file an amended complaint.[1] The Court will issue an appropriate order.

                                                    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.